THE STATE, EX REL. BOARD OF EDN. OF SOUTH POINT LOCAL SCHOOL DISTRICT, APPELLEE, *v.* MILLER, APPELLANT.*

(No. 916—Decided September 24, 1956.)

*Messrs. Andrews, Edwards & Klein,* for appellee.
*Mr. J. Earl Pratt,* for appellant.

COLLIER, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Lawrence County granting a writ of mandamus directing the respondent to deliver to Marshall Ankrim, the newly elected clerk of the relator board of education, all books and papers, etc., in possession of the respondent as clerk of the board of education.

The record discloses that, on January 4, 1954, Rex Miller, the respondent, was appointed clerk of the board of education for a period of four years; that he qualified and served as such

---

*Motion to certify the record overruled, January 30, 1957.

clerk throughout the years 1954 and 1955; that, at an organization meeting on January 2, 1956, the membership of the board having changed, Marshall Ankrim was appointed as clerk of the board of education; that the relator, board of education, by resolution, ordered and directed Rex Miller, the respondent, to deliver to Marshall Ankrim all books, papers and property in his possession relating to the affairs of the board of education as clerk; that Rex Miller, the respondent, refused to obey the order and claims that he is the duly elected clerk of the board of education; and that his term will not expire until December 31, 1957, under his appointment as aforesaid for a period of four years.

The respondent claims title to the office of clerk of the board of education on the theory that his appointment and acceptance and performance of the duties of office is a contract between him and the board of education; that under the terms of this contract he is entitled to serve the full four-year period for which he was appointed; and that, the appointment being legal and binding on the board of education, the board has no right to breach the contract and terminate his term of office until the full period for which he was appointed expires. On the other hand, the relator, board of education, claims the right to remove him at any time they desire to do so and appoint his successor.

In a technical sense, the appointment of the respondent as clerk and his acceptance of the office is a contractual relationship between the parties just as most everyday human relationships are based on contracts. However, in considering legal rights under an appointment to public office, the general authorities seem to hold otherwise on the theory that the power of appointment carries with it, by implication, the power of removal. The general rule is stated in 43 American Jurisprudence, 31, Section 183, as follows:

"When the term or tenure of a public officer is not fixed by law, and the removal is not governed by constitutional or statutory provision, the general rule is that the power of removal is incident to the power to appoint. Inasmuch as the tenure has not been declared by law, the office is held during the pleasure of the authority making the appointment, and no for-

mal charges or hearings are required in the absence of some statute on the subject. The foregoing rule applies although the appointing power attempts to fix a definite term. This implied power to remove may not be contracted away so as to bind the appointing authority to retain a minor officer for a definite period.''

The rule is also stated in 32 Ohio Jurisprudence, 1061, Section 207, as follows:

''The general rule is that where an office is created, to be filled by appointment, if the Legislature does not designate the term of office, the appointee will hold office only during the pleasure of the appointing power and may be removed at pleasure. And an Ohio decision has taken the view that an appointment for a definite term should be construed for such time, dependent upon the pleasure of the appointing power.'' Citing *Lawrence* v. *City of Cincinnati,* 3 Am. L. Rec., 597, 5 Dec. Rep., 228.

In *State, ex rel. Harness,* v. *Roney,* 82 Ohio St., 376, 92 N. E., 486, this general rule was adopted by the Supreme Court of Ohio. The rule therein stated is as follows:

''When an officer is removable at pleasure his removal may be effected, so far as his title to the office or the power of amotion is concerned, by a declaration of removal.''

That case involved the removal of the Chief of Police of the City of Marietta, and, on page 381 of the opinion, the court stated:

''* * * no term of appointment of the chief of police being fixed, the chief of police holds his office at the pleasure of the mayor and in the absence of the statutory regulation may be summarily removed by the mayor.''

Section 3313.22, Revised Code, provides for the election of a clerk of a board of education for a term not to exceed four years but does not fix a definite term for such office.

Since that statute specifically provides for the election of a clerk of a board of education, Section 3319.081, Revised Code, controlling contracts for nonteaching employees of a board of education, their tenure, removal, etc., has no application to the appointment of a clerk. That statute by express provision has no application when the employment is ''otherwise

provided by law.'' For additional authorities see 91 A. L. R., 1097, and 99 A. L. R., 381.

It is clearly apparent that the Legislature in creating this office and authorizing the appointment of a clerk of a board of education never intended to take from the board the power to remove a clerk at its pleasure. This is easily understood when we consider the nature of the duties of the office of a clerk of a board of education. He is the ministerial officer of the board in carrying out the orders and directions of the board, and in order to function efficiently he must work in harmony and co-operation with the board. For this reason his tenure should be at the pleasure of the board. A review of the statutes and decisions interpreting those statutes leads to the definite conclusion that a clerk of a board of education serves at the pleasure of the board and may be removed summarily at any time at the will of the board. Respondent's term of office having been properly terminated, the duty to deliver to his successor all books and papers in his hands relating to the office is enjoined upon him by the provisions of Section 3313.28, Revised Code; and to compel the performance of that duty, the relator is entitled to a writ of mandamus. Therefore, the judgment of the trial court must be, and it hereby is, affirmed.

*Judgment affirmed.*

McCurdy, P. J., and Gillen, J., concur.