ERKKILA, APPELLANT, *v.*
PAINESVILLE TOWNSHIP BOARD OF
EDUCATION, APPELLEE.

(No. 12-130 — Decided
December 18, 1987.)

*Gurley, Hanahan, Lyons & Manning Co., L.P.A.,* and *James M. Lyons,* for appellant.

*Patricia A. Karle,* for appellee.

FORD, J. Appellant, Herbert H. Erkkila, was employed as the treasurer of the appellee, the Painesville

Township Board of Education ("board"), from October 1, 1977 to August 1, 1985. Appellant signed a four-year contract with the board on January 9, 1980. He was licensed as a school treasurer pursuant to R.C. 3301.074 and his employment and duties were pursuant to R.C. 3313.22 through 3313.32. Appellant had no teaching duties with appellee and was entitled to twenty days of vacation per year, according to a contract between the parties.

On March 24, 1981, the board enacted and passed a policy which provided that extra compensation would not be granted for additional days worked during vacation or holidays unless specifically authorized by the board. This policy specifically included the appellant. When appellant retired, he claimed that he had a total of eighty days of vacation leave accumulated and requested the appellee board to pay him for fifty-one days pursuant to R.C. 3319.084. That statute requires a school district to pay all full-time nonteaching school employees for unused accrued vacation time for up to two years. The appellee refused to pay appellant for the accumulated vacation time.

Appellant filed a complaint against appellee on December 3, 1985, in the Lake County Court of Common Pleas, alleging that as the statutory treasurer, he was entitled to be paid for his unused vacation time. Appellee moved for summary judgment on July 18, 1986. Appellant moved for summary judgment on July 31, 1986. Both motions were denied by the trial court on August 27, 1986. After the bench trial of December 1, 1986, the trial court found for the appellee and entered judgment on December 24, 1986.

Appellant filed a notice of appeal with this court, maintaining that the trial court committed two errors. Specifically:

"1. The court erred as a matter of law in finding that the appellant was not a 'non-teaching' employee for the purposes of Revised Code Section 3319.084.

"2. The court erred as a matter of law in finding that the appellant was not authorized to accumulate vacation time and that he was not authorized to receive his accumulated vacation pay at the time of his retirement. The trial court improperly shifted the burden to the appellant on this issue."

The issue presented before this court in appellant's first assignment of error is whether a treasurer of a school board of education is also a "nonteaching employee" as that term is used in R.C. 3319.081. As used in the Revised Code, a "nonteaching employee" is not simply an employee who does not teach. A "nonteaching employee" is a term of art used to define a classification of employees "whose contracts for employment are not otherwise provided by law * * *." *Id.*

Appellant admits that he was the statutory treasurer of the board and that his employment was pursuant to R.C. 3313.22 through 3313.32. R.C. 3313.22 provides that the board is to "elect a treasurer who may not be a member of the board or otherwise regularly employed by the board." R.C. 3313.24 states that the board of education is to determine the compensation of the treasurer. Appellant maintains, however, that he was also a nonteaching employee who was entitled to accrued vacation pay pursuant to R.C. 3319.084.

In *State, ex rel. Bd. of Edn.*, v. *Miller* (1956), 102 Ohio App. 85, 2 O.O. 2d 74, 141 N.E. 2d 301, the appellant clerk (the former title of a treasurer) claimed that he was entitled to remain as clerk for the duration of his contract. The court of appeals disagreed and stated that "[s]ince [R.C. 3313.22] specifically provides for the election of a clerk of a board of education, Section 3319.081, Revised Code, controlling

contracts for nonteaching employees of a board of education, their tenure, removal, etc., has no application to the appointment of a clerk. That statute by express provision has no application when the employment is 'otherwise provided by law.'" *Id.* at 87-88, 2 O.O. 2d at 75, 141 N.E. 2d at 303.

We agree with the rationale of *Miller, supra.* The employment contract of appellant, as he admits, was pursuant to R.C. 3313.22 through 3313.32; therefore, his contract was "otherwise provided by law" and it essentially estopped appellant from claiming any rights under R.C. 3319.081 through 3319.088.

Appellant argues that 1968 Ohio Atty. Gen. Ops. No. 68-090 is directly on point and should be applied to the case within. That opinion states that a treasurer *is* a nonteaching employee. The opinion, however, predates the statutes in question, namely, R.C. 3313.22 through 3313.32, and thus cannot be said to be dispositive of the issue presented before this court. Appellee correctly argues that R.C. 3313.24 is the basis for appellant's compensation. Appellant was not a nonteaching employee and had no rights under the statutes providing for these employees. His rights were pursuant to his contract with the board and duly enacted policies passed by the board. We must also add that if we were to hold that appellant was a nonteaching employee, which we do not, his maximum compensation for accrued vacation leave would be based on two years of vacation leave, which translates to forty days. R.C. 3319.084.

In his second assignment of error, appellant claims that he was entitled to accumulate his vacation time and receive vacation pay at his retirement. Having previously determined that appellant was not a nonteaching employee and that his employment was provided for under R.C. 3313.22 *et seq.,* his employment rights, *i.e.,* his right to receive accumulated vacation pay, must be provided for by law or by a policy of the board. Pursuant to R.C. 3313.24, the board is required to "fix the compensation of its treasurer." In the board meeting of March 24, 1981, the board enacted a salary adjustment for appellant and, as appellant admitted, passed a policy provision which applied to him. While vacation time could accumulate up to two years, this policy prohibited compensation *in lieu of* vacation leave without the specific approval of the board. Since appellant admits that the policy prohibiting monetary compensation in lieu of vacation time applies to him, appellant is not entitled to extra compensation for those days counted as vacation days.

Lastly, appellant argues that the trial court improperly shifted the burden of proof to him on the issue of his right to receive compensation for accumulated vacation pay. The board presented evidence that a policy enacted by the board prevented compensation for accumulated vacation leave. Appellant argues that appellee's defense that appellant was not authorized to accumulate vacation time was an affirmative defense which appellee failed to demonstrate. We disagree. The trial court's finding that appellant did not present any evidence that extra compensation was authorized by the board did not improperly shift any burden of proof. This statement simply meant that appellant failed to effectively rebut the evidence proffered by appellee before the court on this issue. We see no error either procedurally or legally in the case at bar.

Appellant's assignments of error are without merit, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK and CHRISTLEY, JJ., concur.